IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOIS LERMAN ) | |
| ) | |
| Plaintiff, ) | 2:10-cv-01192 |
| v. ) | |
| ) | |
| WESTERN PENNSYLVANIA HEALTH ) | |
| AND ATHLETIC ASSOCIATION, INC. ) | |
| d/b/a WHITE THORN LODGE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Pending before the Court is the MOTION TO REQUIRE THE JOINDER OF LESLIE LERMAN AS A PARTY-PLAINTIFF (Doc. No. 12), filed by Defendant Western Pennsylvania Health and Athletic Association ("WPHAA"). Plaintiff, Lois Lerman, has filed a response in opposition to the motion (Doc. No. 17) with a brief in support thereto (Doc. No. 18). Accordingly, the issues have been fully briefed and the matter is ripe for disposition.

### BACKGROUND

All of the claims and the basic issues of this lawsuit flow from the allegedly unlawful denial of Plaintiff's membership application to a facility owned by Defendant and operated by its members. In sum, Plaintiff claims that her application was denied because she is a member of the Jewish faith and suffers from multiple disabilities, which include a heart condition, sciatica, and morbid obesity.

At all relevant times, WPHAA owned and operated a "family nudist resort (the 'Campground') that publicly advertises on the Internet and elsewhere, its beneficial health-related amenities including a heated swimming pool and whirlpool bath." Complaint ¶ 11. The Complaint alleges that the Campground characterizes itself as a public accommodation that

offers lodging, food and drink, entertainment, a place for public gathering, recreation, and exercise. Moreover, as a facility open to the public, Defendant allegedly requires only a small fee for admission and does not require any interviews or screening as a condition of visiting. An individual interested in the services offered by the Campground may, however, attain membership status upon the completion of an application process to the satisfaction of the Campground's Membership Committee. The Campground does not set a maximum number of permitted non-member visits.

On several occasion throughout the summer of 2009, Plaintiff and her husband, Leslie Lerman ("Mr. Lerman"), traveled to the Campground as visitors for overnight stays. During their second visit, Plaintiff and Mr. Lerman secured the sponsorship of a member to begin the application process. At a later visit to the Campground, Plaintiff and Mr. Lerman met with each of the seven serving members of the Board of Trustees and submitted to the Membership Committee a written application that each Board member countersigned.

The Membership Committee denied the request submitted by Plaintiff and her husband and notified them via a certified Denial Letter in April 2010. The Denial Letter further informed Plaintiff and her husband that they were barred from visiting the Campground. The couple attempted to seek an explanation for the denial, but was allegedly unable to reach any member of the Board of Trustees. Plaintiff and Mr. Lerman did succeed, however, in contacting the Membership Initiator, who allegedly reinforced Plaintiff's beliefs that her membership request was denied due to her faith and disabilities. Plaintiff now seeks, *inter alia*, access to the Defendant's facilities to enjoy the supposedly substantial health benefits that it offers to members and visitors.

On September 9, 2009, Plaintiff initiated the present lawsuit by the filing of a four-

count Complaint (Doc. No. 1) alleging that she was subjected to unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 42 Pa. Cons. Stat. § 951, *et seq.* Additionally, Plaintiff also avers a cause of action for the Intentional Infliction of Emotional Distress.

## LEGAL ANALYSIS

Defendant now moves that Plaintiff's husband be joined as an involuntary party-plaintiff to this action pursuant to Fed. R. Civ. P. 19(a) and Fed. R. Civ. P. 19(b). In support, Defendant asserts that collateral estoppel and claim preclusion justify its instant motion.

Federal Rule of Civil Procedure 19 specifies the limited circumstances in which the joinder of a particular party is compulsory. *See General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). Specifically, Fed. R. Civ. P. 19 states in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Under Rule 19(a)(1) a Court must ask whether complete relief may be accorded to those named as parties to the action in the absence of any unjoined parties. *General Refractories Co*, 500 F.3d at 313. As the United States Court of Appeals for the Third Circuit has noted, "it should be apparent, we necessarily limit our Rule 19(a)(1) inquiry to whether the district court can grant complete relief to persons already named as parties to the action; what effect a decision may have on absent parties is immaterial." *Id.* (citing *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996) ("Completeness is determined on the basis of those persons who are

3

already parties, and not as between a party and the absent person whose joinder is sought."))
(citations omitted).

Additionally, "'in making its analysis under Rule 19(a)(1), a court should consider the interests of "the public in avoiding repeated lawsuits on the same essential subject matter."'" *General Refractories Co*, 500 F.3d at 315 (citing Fed. R. Civ. P. 19 advisory committee's notes. "Rule 19(a)(1), however, similarly "'stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court.'" *Id.*

In the case at bar, the Court finds and rules that the joinder of Plaintiff's husband is improper. WPHAA relies heavily on the fact that Mr. and Mrs. Lerman submitted a joint application for membership. However, Plaintiff's causes of action are not based on the membership application. Indeed, as the parties are all citizens of Pennsylvania, this Court would lack original jurisdiction over a case for breach of the membership contract. Instead, the claims in this case are uniquely individualized and arise out of Mrs. Lerman's religion, alleged disability and emotional distress. Mr. Lerman does not assert that the Membership Committee denied his application on the basis of any discriminatory motive. Moreover, Mr. Lerman neither affiliates with the Jewish religion nor claims any medical disabilities. Thus, by Plaintiff's own admission, Mr. Lerman would not have standing to assert a claim of unlawful discrimination pursuant to Title VII, the ADA, or the PHRA. *Cf. generally Drake v. Steamfitters Local Union No. 420,* 2005 U.S. Dist. LEXIS 1454, 2005 WL 196444, *9 (E. D. Pa. Jan. 27, 2005) (under Title VII, plaintiff "has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others") (citation omitted). There is no danger of "hollow" relief.

Nevertheless, the Court may compel joinder even when a potential party-plaintiff lacks

standing if the parties are in privity. A person is in privity when a close or significant relationship exists between the parties, their interests, and claims. *Seamon v. Bell Telephone Co. of Pennsylvania*, 576 F. Supp. 1458, 1461 (W.D. Pa. 1983), *aff'd*, 740 F.2d 958 (3d Cir. 1984). Mr. Lerman and his wife, however, do not stand in privity with respect to the pending claims. Mr. Lerman does not claim or appear to have his own anti-discrimination claims. Plaintiff's claims do not arise out of the denial of their application, but rather, Defendant's refusal to admit her to its facility. There is no indication that the determination of Defendant to reject Plaintiff was dependent on the Committee's decision as to Mr. Lerman. Thus, the spousal relationship does not give rise to privity under the facts and circumstances of this case.

In any event, the movant bears the burdens of production and persuasion under Federal Rule 19(a), and Defendants have failed to meet said burdens. *See generally Prime Capital Group, Inc. v. Klein*, 2008 U.S. Dist. LEXIS 58771, 2008 WL 2945966, *3 (D. N.J. Jul. 29, 2008) (movant bears burdens of showing that absent party is "necessary," joinder is infeasible, and party is indispensable) (citations omitted).

## CONCLUSION

In accordance with the foregoing, the Rule 19 MOTION TO REQUIRE THE JOINDER OF LESLIE LERMAN AS A PARTY-PLAINTIFF (Doc. No. 12), filed by Defendant Western Pennsylvania Health and Athletic Association is **DENIED** in its entirety

SO ORDERED this 23rd day of November, 2010.

BY THE COURT:

/s/ Terrence F. McVerry
United States District Court Judge

Cc:	Kimberly Kisner
Email: kim@kisnerlawfirm.com

Gregg Zegarelli
Email: mailroom.grz@zegarelli.com

Eric Reif
Email: epr@pietragallo.com

Joseph Bosick
Email: jjb@pietragallo.com